UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUAN BREA,

                            Plaintiff,

NATIONAL RAILROAD PASSENGER
CORP., d/b/a AMTRAK, DMJM HARRIS,
HI-TECH BREAKING, INC., PROPERTY
OWNERS A-Z (said names being fictitious),
RAILROAD OWNERS AND OPERATORS
A-Z (said names being fictitious, PUBLIC
ENTITIES A-Z (said names being
fictitious), CORPORATIONS A-Z (said
names being fictitious).

                            Defendants.
------------------------------------------------------------X

CIVIL ACTION NO.:
07-CV-10469(KMK)


ANSWER, AFFIRMATIVE
DEFENSES AND CROSS-
CLAIMS

     Defendants, DMJM+HARRIS, INC., i/s/h/a DMJM HARRIS, by its attorneys, COLLERAN, O'HARA & MILLS L.L.P. answers the allegations contained in the Complaint as follows:

## JURISDICTION AND VENUE

     1.     With respect to the allegations contained in Paragraph "1" of the complaint, admits that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to the statutes cited, but denies that Plaintiff's claim arises under federal law.

     2.     With respect to the allegations contained in Paragraph "2" of the complaint, admits that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to the statutes cited, but denies that Plaintiff's claim arises under diversity jurisdiction.

     3.     With respect to the allegations contained in Paragraph "3" of the complaint, admits that Plaintiff seeks to invoke the venue of this Court pursuant to the statutes cited.

## FACTUAL BACKGROUND

4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of the Complaint.

5.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5" of the Complaint.

6.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of the Complaint.

7.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of the Complaint.

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "8" of the Complaint.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Complaint.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Complaint.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the Complaint.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the Complaint.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of the Complaint.

## FIRST COUNT

### AMTRAK

14.     Defendant hereby restates and incorporates by reference its answers and responses contained in Paragraphs "1" through "13" as if fully and completely restated herein.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "15" of the Complaint.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "17" of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the Complaint.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Complaint.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "20" of the Complaint.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "21" of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the Complaint.

## SECOND COUNT

## DMJM+HARRIS

24.     Defendant hereby restates and incorporates by reference its answers and responses contained in Paragraphs "1" through "24" as if fully and completely restated herein.

25.     Admits that DMJM+HARRIS, INC. was a New York corporation with located at 605 Third Avenue, New York, New York.

26.     Denies the allegations contained in Paragraph "27" of the Complaint.

27.     Denies the allegations contained in Paragraph "27" of the Complaint.

28.     Denies the allegations contained in Paragraph "28" of the Complaint.

29.     Denies the allegations contained in Paragraph "29" of the Complaint.

30.     Denies the allegations contained in Paragraph "30" of the Complaint.

31.     Denies the allegations contained in Paragraph "31" of the Complaint.

32.     Denies the allegations contained in Paragraph "32" of the Complaint.

33.     Denies the allegations contained in Paragraph "33" of the Complaint.

34.     Denies the allegations contained in Paragraph "34" of the Complaint.

## THIRD COUNT

## HI-TECH BREAKING, INC.

35.     Defendant hereby restates and incorporates by reference its answers and responses by reference its answers and responses contained in Paragraph "1" through "34" as if fully and completely restated herein.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "36" of the Complaint.

4

37.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "37" of the Complaint.

38.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "38" of the Complaint.

39.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "39" of the Complaint.

40.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "40" of the Complaint.

41.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "41" of the Complaint.

42.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "42" of the Complaint.

43.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "43" of the Complaint.

44.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "44" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

45.    The Complaint fails to state a cause of action as against the answering defendant upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

46.    This Court lacks subject matter jurisdiction of the claims alleged in the Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

47.     Any damage or damages sustained by the Plaintiff was not caused by any negligence or carelessness on the part of this answering defendant, its servants, agents or employees, but was caused solely by the negligence and carelessness of the Plaintiff and that such conduct requires diminution of any award, verdict, or judgment that the Plaintiff may recover against this answering defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

48.     This answering defendant did not direct or control the means or methods utilized by the Plaintiff to perform the activity during which his claimed injury occurred and therefore any damages sustained by the Plaintiff were not caused by any negligence or carelessness on the part of this answering defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

49.     The Plaintiff assumed the risk of all the dangers attendant upon the activity in which Plaintiff was engaged at the time of the alleged accident and is, therefore, barred from recovering on the claim asserted.  That all the damages and risks incident to the situation mentioned in the Complaint were open, obvious and apparent and were known and assumed by the Plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

50.     The negligence of a third person or entity over whom the answering defendant had/has no control, was a superseding cause of his alleged injuries and insulates answering defendant from liability.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

51.    In the event that it is determined that Plaintiff is entitled to damages, the amount of damages shall be reduced and diminished based on his own culpable conduct and/or failure to mitigate damages.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

52.    Any damage or damages sustained by the Plaintiff was not caused by any negligence or carelessness on the part of this answering defendant, its servants, agents or employees, but was caused solely by the Plaintiff's failure to use safety devices that were provided by the owner and/or his employer.

## CROSS-CLAIMS AGAINST ALL CO-DEFENDANTS
## AS AND FOR A FIRST CROSS-CLAIM

53.    Any damages sustained by the Plaintiff was caused in whole or in part by the acts or omissions or culpable conduct of the other defendants, who are or may be liable to the answering defendant for contribution on the basis of their equitable shares of responsibility, or for indemnity on the basis of a contract between them, actual or implied, and not due in whole or in part to any act or omission or culpable conduct on the part of this answering defendant.

## AS AND FOR A SECOND CROSS-CLAIM

54.    That if Plaintiff sustained the injuries and damages in the manner and at the time and place alleged, and if it is found that the answering defendant is liable to Plaintiff herein, all of which is specifically denied, then said answering defendant is entitled to indemnification from and judgment over against the co-defendants, for all or part of any verdict or judgment that Plaintiff may recover against said answering defendant.

## AS AND FOR A THIRD CROSS-CLAIM

55.    The answering defendant herein demands that the liability, if any, be apportioned and, therefore, the co-defendants will be liable to this answering defendant in the event judgment is recovered by the Plaintiff in an amount equal to the excess over and above this answering defendant's equitable share of the judgment.    The equitable share of the judgment of the answering defendant will be determined in accordance with the relative culpability of all the defendants minus the culpable share of the Plaintiff.

**WHEREFORE**, the answering defendant, DMJM+HARRIS, INC., respectfully requests that this Court grant Judgment dismissing the Complaint against it, and award DMJM+HARRIS, INC., the costs and disbursements of this action, and further demands that the ultimate rights of all the parties be determined in this action and that the answering defendant, DMJM+HARRIS, INC. have judgment over and against the above named co-defendants for all or part of any verdict against this answering defendant, together with costs and disbursements and attorneys' fees of this action and for such other and further relief as to the Court may deem seem just and proper.

Dated:  February 1, 2008

COLLERAN, O'HARA & MILLS, L.L.P.

By: _____
JOHN STACKPOLE GROARKE (JG-9031)
Attorney for Defendant,
DMJM+HARRIS, INC.
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
(516) 248-5757

8

TO:    ANTHONY R. BISCEGLIE, JR., ESQ.
       BISCEGLIE & DEMARCO, L.L.C.
       Attorneys for Plaintiff
       365 Rifle Camp Road
       West Paterson, N.J. 07424
       (973) 742-8900
       Fax (973) 742-8394

       NATIONAL RAILROAD PASSENGER CORP.
       d/b/a AMTRAK
       60 Massachusetts Avenue
       Washington DC  20002

       HI-TECH BREAKING, INC.
       528 Bryant Avenue
       Bronx, New York 10474