UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JUAN BREA,

        Plaintiff,

- against -

NATIONAL RAILROAD PASSENGER CORP, d/b/a
AMTRAK, DMJM HARRIS, HI-TECH BREAKING
INC., PROPERTY OWNERS A-Z (said names being
fictitious), RAILROAD OWNERS AND OPERATORS
A-Z (said names being fictitious), PUBLIC ENTITIES
A-Z (said names being fictitious), CORPORATIONS
A-Z (said names being fictitious).

        Defendants.
------------------------------------------------------------X

**ANSWER**

07 CV 10469

Defendants National Railroad Passenger Corp. d/b/a Amtrak and Hi-Tech Breaking Inc. ("Defendants"), by their attorneys, Landman Corsi Ballaine & Ford P.C., hereby answer the Complaint herein as follows:

### WITH RESPECT TO JURISDICTION & VENUE

FIRST: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of the Complaint and refer all matters of law to the Court.

SECOND: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "2" of the Complaint and refer all matters of law to the Court.

454013.1 DocsNY

THIRD: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the Complaint and refer all matters of law to the Court.

## WITH RESPECT TO FACTUAL BACKGROUND

FOURTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Complaint.

FIFTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Complaint.

SIXTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Complaint.

SEVENTH: Defendants deny the truth of each and every allegation contained in paragraph "7" of the Complaint.

EIGHTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Complaint.

NINTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Complaint.

TENTH: Defendants deny the truth of the allegations contained in paragraph "10" of the Complaint as they pertain to Amtrak and Hi-Tech Breaking Inc., deny that plaintiff was electrocuted and deny knowledge or information sufficient to form a belief as to the truth of the remainder of allegations.

ELEVENTH: Defendants deny the truth of each and every allegation contained in paragraph "11" of the Complaint.

TWELFTH: Defendants deny the truth of each and every allegation contained in paragraph "12" of the Complaint.

THIRTEENTH: Defendants deny the truth of each and every allegation contained in paragraph "13" of the Complaint.

### WITH RESPECT TO FIRST COUNT - AMTRAK

FOURTEENTH: With respect to the allegations contained in paragraph "14" of the Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "FIRST" through "THIRTEENTH" of this Answer with the same force and effect as if fully set forth at length herein.

FIFTEENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "15" of the Complaint, except admit that Amtrak is a corporation which does business in the State of New York and has headquarters located at 60 Massachusetts Avenue N.E., Washington, DC 20002.

SIXTEENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the Complaint.

SEVENTEENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "17" of the Complaint.

EIGHTEENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "18" of the Complaint and refer all matters of law to the Court.

NINETEENTH: Defendants deny the truth of each and every allegation contained in paragraph "19" of the Complaint.

TWENTIETH: Defendants deny the truth of the allegations contained in paragraph "20" of the Complaint and refer all matters of law to the Court.

TWENTY-FIRST: Defendants deny the truth of the allegations contained in paragraph "21" of the Complaint and refer all matters of law to the Court.

TWENTY-SECOND: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the Complaint and refer all matters of law to the Court.

TWENTY-THIRD: Defendants deny the truth of each and every allegation contained in paragraph "23" of the Complaint.

TWENTY-FOURTH: Defendants deny the truth of each and every allegation contained in paragraph "24" of the Complaint.

## WITH RESPECT TO SECOND COUNT - DMJM HARRIS

TWENTY-FIFTH: With respect to the allegations contained in paragraph "25" of the Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "FIRST" through "TWENTY-FOURTH" of this Answer with the same force and effect as if fully set forth at length herein.

TWENTY-SIXTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the Complaint.

TWENTY-SEVENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "27" of the Complaint.

TWENTY-EIGHTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "28" of the Complaint.

TWENTY-NINTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "29" of the Complaint.

THIRTIETH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "30" of the Complaint.

THIRTY-FIRST: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Complaint.

THIRTY-SECOND: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "32" of the Complaint.

THIRTY-THIRD: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "33" of the Complaint.

THIRTY-FOURTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "34" of the Complaint.

### WITH RESPECT TO THIRD COUNT - HI-TECH BREAKING INC.

THIRTY-FIFTH: With respect to the allegations contained in paragraph "35" of the Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "FIRST" through "THIRTY-FOURTH" of this Answer with the same force and effect as if fully set forth at length herein.

THIRTY-SIXTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "36" of the Complaint.

THIRTY-SEVENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "37" of the Complaint and refer all matters of law to the Court.

THIRTY-EIGHTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "38" of the Complaint and refer all matters of law to the Court.

THIRTY-NINTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "39" of the Complaint and refer all matters of law to the Court.

FORTIETH: Defendants deny the truth of the allegations contained in paragraph "40" of the Complaint and refer all matters of law to the Court.

FORTY-FIRST: Defendants deny the truth of the allegations contained in paragraph "41" of the Complaint and refer all matters of law to the Court.

FORTY-SECOND: Defendants deny the truth of the allegations contained in paragraph "42" of the Complaint and refer all matters of law to the Court.

FORTY-THIRD: Defendants deny the truth of each and every allegation contained in paragraph "43" of the Complaint.

FORTY-FOURTH: Defendants deny the truth of each and every allegation contained in paragraph "44" of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

FORTY-FIFTH: Any injuries suffered by plaintiff were caused solely by his own negligence and not by any negligence of the defendants.

### SECOND AFFIRMATIVE DEFENSE

FORTY-SIXTH: Any injuries suffered by plaintiff were caused, in part, by his own negligence, and any recovery by plaintiff must be diminished in proportion to that part of his injuries

attributable to his own negligence.

### THIRD AFFIRMATIVE DEFENSE

FORTY-SEVENTH: Any injuries suffered by plaintiff were not caused by a negligent act or omission of defendants or any individual acting under his direction or control.

### FOURTH AFFIRMATIVE DEFENSE

FORTY-EIGHTH: If plaintiff has sustained any damages in this matter, which defendants deny, then defendants' liability, if any, shall be limited in accordance with Article 16 of the New York Civil Practice Law and Rules.

### FIFTH AFFIRMATIVE DEFENSE

FORTY-NINTH: Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

FIFTIETH: Plaintiff fails to state a cause of action upon which relief may be granted.

### FIRST CROSS CLAIM

FIFTY-FIRST: If defendants National Railroad Passenger Corp. d/b/a Amtrak and Hi-Tech Breaking Inc. are found liable to plaintiff in this action, defendants National Railroad Passenger Corp. d/b/a Amtrak and Hi-Tech Breaking Inc. allege that such liability is the result, either wholly or in part, of the negligence, acts and omissions of defendant DMJM Harris, thereby entitling defendants National Railroad Passenger Corp. d/b/a Amtrak and Hi-Tech Breaking Inc. to indemnification or contribution from defendant DMJM Harris for such liability.

FIFTY-SECOND: That by reason of the foregoing, defendant DMJM Harris will be liable to defendants National Railroad Passenger Corp. d/b/a Amtrak and Hi-Tech Breaking Inc. in the event judgment is recovered by plaintiff in the amount of said judgment or in an amount equal to the excess over and above defendants' National Railroad Passenger Corp. d/b/a Amtrak and Hi-Tech Breaking Inc. equitable share of such judgment. The equitable shares of any judgment recovered by plaintiff are to be determined in accordance with the relative culpability of defendants.

## SECOND CROSS CLAIM

FIFTY-THIRD: If defendants National Railroad Passenger Corp. d/b/a Amtrak and Hi-Tech Breaking Inc., ("Defendants") are found liable to plaintiff in this action, defendants National Railroad Passenger Corp. d/b/a Amtrak and Hi-Tech Breaking Inc. ("Defendants") allege that defendant DMJM Harris would be liable for said judgment or settlement pursuant to contractual agreement(s).

## THIRD CROSS CLAIM

FIFTY-FOURTH: Defendant DMJM Harris failed to procure insurance as required by the contractual agreement(s) and is therefore liable to National Railroad Passenger Corp. d/b/a Amtrak and Hi-Tech Breaking Inc., ("Defendants") for all fees and costs incurred in defending Defendants National Railroad Passenger Corp. d/b/a Amtrak and Hi-Tech Breaking Inc., ("Defendants") together with any possible judgment against Defendants National Railroad Passenger Corp. d/b/a Amtrak and Hi-Tech Breaking Inc., in this action.

**WHEREFORE**, defendants National Railroad Passenger Corp. d/b/a Amtrak and Hi-Tech Breaking Inc. demand judgment dismissing the Complaint herein, together with the costs and disbursements of this action; and further demands that in the event plaintiff recovers judgment against defendants National Railroad Passenger Corp. d/b/a Amtrak and Hi-Tech Breaking Inc., then

defendants National Railroad Passenger Corp. d/b/a Amtrak and Hi-Tech Breaking Inc. demand judgment over and against defendant DMJM Harris, for the amount of any such judgment, or in an amount equal to the excess over and above their equitable share of any such judgment, together with the costs and disbursements of this action.

Dated: New York, New York
February 19, 2008

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD P.C.

By: _____
Ronald E. Joseph (RJ9302)
Attorneys for Defendants
National Railroad Passenger corp. d/b/a Amtrak and Hi-Tech Breaking Inc.
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800

TO: BISCEGLIE & DEMARCO, LLC
365 Rifle Camp Road
West Patterson, NJ 07424
(973) 742-8900

CALLERON, O'HARA & MILLS
Attorneys for DMJM Harris
1275 Franklin Avenue
Suite 450
Garden City, NY 11530

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

MICHAEL S. GIOIA, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at PLAINVIEW, NEW YORK.

That on the 20th day of February, 2008, deponent served the within **ANSWER**

upon

>BISCEGLIE & DEMARCO, LLC
>365 Rifle Camp Road
>West Patterson, NJ 07424
>
>CALLERON, O'HARA & MILLS
>1275 Franklin Avenue
>Suite 450
>Garden City, NY 11530

attorneys in this action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

_____
Michael S. Gioia

Sworn to before me this
20th day of February, 2008

_____
Notary

REGINA CAJIGAS
Notary Public, State of New York
No. 01CA6032498
Qualified in Kings County
Commission Expires November 1, 20__

---

Index No. 07 CV 10469

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN BREA,

Plaintiff,

v.

NATIONAL RAILROAD PASSENGER CORP., d/b/a AMTRAK, DMJM HARRIS, ET AL.,

Defendants.

---

ANSWER

---

Signature (Rule 130-1.1-a) _____

Print name beneath

LANDMAN CORSI BALLAINE & FORD P.C.
*Attorneys for* NATIONAL RAILROAD
*Office and Post Office Address, Telephone*
120 Broadway
NEW YORK, N.Y. 10271-0079
(212) 238-4800
FAX: (212) 238-4848

To
Attorney(s) for

Service of a copy of the within is hereby admitted.

Dated

Attorney(s) for _____

1500 – Blumberg Excelsior Inc., NYC 10013

---

NOTICE OF ENTRY

PLEASE take notice that the within is a *(certified)* true copy of a duly entered in the office of the clerk of the within named court on

Dated,

Yours, etc.
LANDMAN CORSI BALLAINE & FORD P.C.
*Attorneys for*
*Office and Post Office Address*
120 Broadway
NEW YORK, N.Y. 10271-0079

To
Attorney(s) for

---

NOTICE OF SETTLEMENT

PLEASE take notice that an order of which the within is a true copy will be presented for settlement to the Hon. one of the judges of the within named Court, at

on
at    M.
Dated,

Yours, etc.
LANDMAN CORSI BALLAINE & FORD P.C.
*Attorneys for*
*Office and Post Office Address*
120 Broadway
NEW YORK, N.Y. 10271-0079

To
Attorney(s) for