UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JUAN BREA,

                           Plaintiff,

NATIONAL RAILROAD PASSENGER
CORP., d/b/a AMTRAK, DMJM HARRIS,
HI-TECH BREAKING, INC., PROPERTY
OWNERS A-Z (said names being fictitious),
RAILROAD OWNERS AND OPERATORS
A-Z (said names being fictitious, PUBLIC
ENTITIES A-Z (said names being
fictitious), CORPORATIONS A-Z (said
names being fictitious).

                           Defendants.
--------------------------------------------------------X
DMJM HARRIS,

              Defendant/Third-Party Plaintiff,

              vs.

SKANSKA USA CIVIL NORTHEAST INC.,
and ILLINOIS NATIONAL INSURANCE CO.,

              Third-Party Defendants.

--------------------------------------------------------X

CIVIL ACTION NO.:
07-CV-10469(SHS)(MHD)

THIRD-PARTY COMPLAINT

RECEIVED
MAY 16 2008
S.D.N.Y.
CASHIERS

       Defendant/Third-Party Plaintiff, DMJM+HARRIS, INC., i/s/h/a DMJM HARRIS

("DMJM") by their attorneys, COLLERAN, O'HARA & MILLS L.L.P. as and for a Third-Party

Complaint against the Third-Party Defendants, SKANSKA USA CIVIL NORTHEAST INC.,

formerly known as SLATTERY SKANSKA, INC. ("SKANSKA") and ILLINOIS NATIONAL

INSURANCE CO., ("ILLINOIS NATIONAL") state upon information and belief as follows:

## PARTIES

1.    The above captioned action was commenced by Plaintiff, JUAN BREA ("BREA") against among others Defendant/Third-Party Plaintiff, DMJM.  A copy of BREA's summons and complaint are annexed hereto as Exhibit "A".

2.    At all times hereinafter mentioned, Defendant/Third-Party Plaintiff, DMJM was a New York corporation with an office and place of business at 605 3rd Avenue, New York, New York.

3.    At all times hereinafter mentioned, Third-Party Defendant SKANSKA was and is a New York corporation with an office and place of business at 16-16 Whitestone Expressway, Whitestone, New York 11357

4.    At all times hereinafter mentioned Third-Party Defendant ILLINOIS NATIONAL was and is a insurance corporation incorporated under the laws of the State of Illinois with an office and place of business at 70 Pine Street, New York, New York.

5.    At all times hereinafter mentioned Third-Party Defendant ILLINOIS NATIONAL was an affiliate, subsidiary and/or member company of American International Group, Inc.

## JURISDICTION AND VENUE

6.    This Court has supplemental jurisdiction over this third-party action pursuant to 28 U.S.C. § 1367 and Fed. R. Civ. P. 14.

7.    This Court has personal jurisdiction over the Third-Party Defendants because the matter in controversy arose in this jurisdiction and venue.

## BACKGROUND

8.    On or about November 20, 2007, BREA commenced an action against Defendants NATIONAL RAILROAD PASSENGER CORP. d/b/a AMTRAK, HI-TECH

BREAKING INC., and Defendant/Third-Party Plaintiff, DMJM to recover damages for personal injuries alleged to have been sustained on June 18, 2007 as a result of accident that occurred during a rock drilling operation on the project known as "Rehabilitation of East River Tunnels and Structures, 1st Avenue Ventilation Shaft, Manhattan, New York ("Project"). See Plaintiff's complaint attached as Exhibit "A". The Complaint alleges that DMJM was negligent and that DMJM was required coordinate and ensure job safety. (See Exhibit "A" at ¶ 4, 10).

9.     Defendant/Third-Party Plaintiff DMJM answered the complaint essentially denying the allegations contained therein.   A copy of DMJM+HARRIS, INC.'s Answer is annexed as Exhibit "B".

10.     Defendant/Third-Party Plaintiff DMJM entered into a contract with Defendant AMTRAK to provide Construction Management Services for the Project. DMJM as the Construction Manager, pursuant to its contract with AMTRAK was acting as AMTRAK'S agent with respect to its safety review responsibilities for the Rehabilitation of East River Railroad Tunnels and Structures at 1st Avenue project.

11.     At all times hereinafter mentioned and particularly on June 18, 2007, Third-Party Defendant, SKANSKA was engaged as a general contractor pursuant to a written contract with Defendant, AMTRAK for construction services at the "Rehabilitation of East River Tunnels and Structures, 1st Avenue Ventilation Shaft, Manhattan, New York project and was primarily responsible for Project safety.

12.     Pursuant to its contract with AMTRAK, Third-Party Defendant, SKANSKA agreed to indemnify and hold harmless AMTRAK and its agents, servants, employees irrespective of any negligence or fault on their part from any and all causes of action which they may be responsible for or pay as a result of injury arising out of or in any degree directly or

3

indirectly caused by or resulting from activities of or work performed by SKANSKA or its officers, employees, agents, subcontractors.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST SKANSKA USA CIVIL NORTHEAST INC.

13.    The Defendant/Third-Party Plaintiff DMJM repeats, reiterates and realleges each and every allegation heretofore alleged with the same force and effect as if more fully set forth herein.

14.    At all times mentioned herein, Third-Party Defendant, SKANSKA, performed construction work at the site in question, and was in charge of the construction work and exercised exclusive supervision over the construction work performed by its agents, servants and/or employees.

15.    While engaged in the work at the time and place above mentioned, Third-Party Defendant, SKANSKA, its agents, servants and employees were in sole charge and control of rock drilling operation and were solely responsible for directing and controlling the work of the Plaintiff.

16.    The Contract between Defendant AMTRAK and Third-Party Defendant, SKANSKA relating to the Project was in full force and effect on the date of the accident as alleged in Plaintiff's Complaint.

17.    That in said agreement with Defendant AMTRAK, Third-Party Defendant, SKANSKA agreed to defend and indemnify and hold AMTRAK's agents.

18.    Defendant/Third-Party Plaintiff, DMJM is entitled to be indemnified and held harmless by the Third-Party Defendant, SKANSKA, for the claim and suit of the Plaintiff herein.

4

19.    If Plaintiff, BREA is entitled to any recovery against Third-Party Plaintiff, DMJM by reason of the matters alleged in the complaint, which is denied it is because of the fault and neglect of Third-Party Defendant, SKANSKA, servants and employees as above set forth.

20.    If liability for the injuries alleged in the complaint is adjudged against Defendant/Third-Party Plaintiff, DMJM, then Defendant/Third-Party Plaintiff DMJM is entitled to full indemnity from Third-Party Defendant, SKANSKA.

## AS AND FOR A SECOND CAUSE OF ACTION
## AGAINST ILLINOIS NATIONAL INSURANCE CO.

21.    The Defendant/Third-Party Plaintiff DMJM repeats, reiterates and realleges each and every allegation heretofore alleged with the same force and effect as if more fully set forth herein.

22.    Defendant/Third-Party Plaintiff DMJM was an agent of AMTRAK with respect to the safety responsibility at the project and as a result your insured SKANSKA has a contractual obligation to defend, indemnify and hold harmless DMJM for the above referenced action commenced by Plaintiff Juan Brea.

23.    On March 11, 2008, Third-Party Plaintiff DMJM, through its attorneys, COLLERAN, O'HARA & MILLS, L.L.P., tendered its defense to ILLINOIS NATIONAL, under the Third-party Defendant SKANSKA Project policy seeking coverage there under as AMTRAK's agent.

24.    ILLINOIS NATIONAL has refused and neglected to accept Third-Party Plaintiff DMJM's tender of its defense in this action under Third-party Defendant SKANSKA Project policy.

25.    The failure of ILLINOIS NATIONAL to assume its responsibilities does not measure up to the standards of conduct required and appears to be intentionally wrongful conduct.

26.    Third-Party Plaintiff, DMJM is a direct and third-party beneficiary and otherwise entitled to the benefits and conveys under the Project insurance policies and other contracts and Agreements by and between the Defendant, AMTRAK and Third-Party Defendant, SLATTERY and therefore Third-Party Plaintiff, DMJM is entitled to a declaratory judgment that Third-Party Defendant, ILLINOIS NATIONAL is required to defend and indemnify and hold harmless the Defendant/Third-Party Plaintiff, DMJM in this action.

**WHEREFORE,** Defendant/Third-Party Plaintiff, DMJM demands judgment over and against the Third-Party Defendant SKANSKA USA CIVIL NORTHEAST INC., for all sums that may be adjudged against it in favor of Plaintiff and DMJM further demands a declaratory judgment that Third-Party Defendant, ILLINOIS NATIONAL is required to defend and indemnify and hold harmless the Defendant/Third-Party Plaintiff, DMJM in the above entitled litigation, and for further relief as the Court deems just and proper.

Dated:  May 16, 2008

COLLERAN, O'HARA & MILLS, L.L.P.

By: _____
JOHN STACKPOLE GROARKE (JG-9031)
Attorney for Defendant/Third-Party Plaintiff
DMJM+HARRIS, INC.
1225 Franklin Avenue, Suite 450
Garden City, New York 11530
(516) 248-5757
jsg@cohmlaw.com

6

TO:    ANTHONY BISCEGLIE, JR. ESQ.
        BISCEGLIE & DEMARCO, L.L.C.
        Attorneys for Plaintiff
        365 Rifle Camp Road
        West Paterson, N.J. 07424
        (973) 742-8900
        Fax (973) 742-8394

        RONALD E. JOSEPH, ESQ.
        Attorneys for Defendant
        NATIONAL RAILROAD PASSENGER CORP.
        d/b/a AMTRAK and HI-TECH BREAKING, INC.
        120 Broadway, 27th Floor
        New York, New York 10271-0079
        (212) 238-4800

        SKANSKA USA CIVIL NORTHEAST, INC.
        16-16 Whitestone Expressway
        Whitestone, New York 11357

        ILLINOIS NATIONAL INSURANCE CO.
        70 Pine Street, 23rd Floor
        New York, New York 10270



# JUDGE KARAS

BISCEGLIE & DeMARCO, L.L.C.
365 Rifle Camp Road
West Paterson, N.J. 07424
(973) 742-8900
Fax (973) 742-8394
Angelo R. Bisceglie, Jr. (AB9251)
Counsel for Plaintiff

## 07 CV 10469

NOV 28 2007
U.S.D.C. S.D. N.Y.
CASHIERS

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JUAN BREA<br><br>        Plaintiff,<br><br>     -v-<br><br>NATIONAL RAILROAD PASSENGER<br>CORP. d/b/a AMTRAK, DMJM HARRIS,<br>HI-TECH BREAKING INC., PROPERTY<br>OWNERS A-Z (said names being fictitious),<br>RAILROAD OWNERS AND OPERATORS<br>A-Z (said names being fictitious), PUBLIC<br>ENTITIES A-Z (said names being<br>fictitious), CORPORATIONS A-Z (said<br>names being fictitious).<br><br>        Defendants. | CIVIL ACTION NO.:<br><br><br><br>COMPLAINT and JURY DEMAND |

Plaintiff, Juan Brea, residing at 40 Bateman Way, Hillsborough, New Jersey, by and

through his attorneys, Bisceglie & DeMarco, LLC, as for his complaint states as follows:

#### JURISDICTION AND VENUE

1. This is a personal injury action in which jurisdiction is asserted under 28 U.S.C. §1331

   insofar as defendant National Railroad Passenger Corp. d/b/a Amtrak ("Amtrak") was

   created by an Act of Congress, 49 U.S.C. §24101 et seq. and more than half of its corporate

   stock is owned by the Federal government. See 28 U.S.C. §1349.

2. This is a personal injury action in which jurisdiction is also asserted under 28 U.S.C.

§1332 _insofar as the matter in controversy exceeds $75,000.00 exclusive of interest and costs, and is between citizens / corporations of different states.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 (a) and (c) in that at all times relevant to this action, the Defendants were corporations doing business in this District, and a substantial part of the events giving rise to Plaintiff's claim occurred in this District.

## FACTUAL BACKGROUND

4. On or about June 18, 2007, ("date of incident") Plaintiff was employed by Slattery Skansa Inc. ("Slattery") as a rock drill operator. On the date of accident, Plaintiff and his co-employee, Chris Tado were operating a rock drill, in a tunnel which upon information and belief was owned and operated by National Railroad Passenger Corp, d/b/a Amtrak ("Amtrak"), located in Manhattan, New York.

5. The location where plaintiff and his co-employee were performing work on the date of incident, included, but was not limited to the project known as "Rehabilitation of East River Tunnels and Structures, 1st Avenue Ventilation Shaft, Manhattan, New York City", ("work location"), and was in the vicinity of catenary wires which carried live electricity and high voltage current above railroad tracks to power railroad engines and trains which run beneath such wires.

6. Additionally, at all times prior to, and at the time of incident, and on the date of incident, the work location where plaintiff was required by his employer to operate a rock drill was wet, the air and environment in the vicinity of such location was moist, and contained falling water from the tunnel walls and ceiling. The defendants were aware, or should have been aware of same.

7. On numerous occasions prior to the date of incident, arcing occurred at the work location,

2

whereby high voltage electricity and current traveled out of the catenary wires, into the air and vicinity surrounding the catenary wires, presenting an extreme hazard and danger to any persons in the vicinity.

8. The work site was shut down twice during the year preceding the date of incident, due to arcing. Since the date of incident, Slattery Skansa Inc. has ceased work at the work location and subject job site.

9. As of February 6, 2007, as memorialized by a memorandum from Slattery Skansa Inc. addressed to "concerned workers", Amtrak represented that it had corrected all bonding and grounding issues in Lines 1, 2, 3 & 4 shafts, and that "this made it safe as per Amtrak to work in these areas even if an outage occurs again in the future, as explained by Mr. Robert Verhelle, Deputy Chief Engineer of Amtrak". The memorandum continues that Mr. Verhelle addressed "the situation" onsite with the workers on or about February 5, 2007. As such, the memorandum concludes, Slattery Skansa Inc. agreed "to return to work as of February 5, 2007".

10. In fact, Amtrak failed to correct such problems, and Hi-Tech Breaking Inc., and DMJM Harris each failed to ensure that Amtrak had corrected such problems or to personally correct same. Due to such negligence and/or other negligent acts/omissions pertaining to electricity to be developed during discovery in this matter, plaintiff was electrocuted on the date of incident.

11. At the time of the electrocution incident, plaintiff was operating a rock drill made of metal, which was wet from falling water from the tunnel ceiling and walls, and arcing occurred. The defendants were aware, or should have been aware of same. A power outage occurred. When the power was restored, or shortly thereafter, arcing occurred, and plaintiff as well as

his co-employee were struck by high voltage electrical current from the catenary wires, and were electrocuted.

12. As a result of being electrocuted, plaintiff was caused to sustain partial loss of vision in his left eye including constant blurriness and lack of peripheral vision, severe neurological damage, partial loss of function to his left arm and hand, left arm weakness, left hand numbness, burns, mental and cognitive deficits, physical and emotional trauma, injury to his cervical vertebrae, and pain and suffering.

13. Such electrocution and physical injuries have caused plaintiff to become partially physically disabled and unable to return to work as a rock drill operator, and prevents him from returning to work in other capacities as a manual laborer.

## FIRST COUNT

## AMTRAK

14. Plaintiff incorporates all preceding paragraphs as though set forth here in full.

15. At all times relevant to his action, Defendant National Railroad Passenger Corp. d/b/a Amtrak ("Amtrak") was a corporation doing business in the State of New York, having a business address of 60 Massachusetts Avenue NE, Washington, DC 20002.

16. At all times relevant to his action, and at the time of incident, Amtrak owned and operated the tunnels and/or rails and/or electric catenary wires and/or work location referenced in the Factual Background section of this complaint.

17. Plaintiff was lawfully upon the premises owned by Amtrak at the time of incident, and was engaged in performing construction work on behalf of Amtrak, through his employer Slattery, at the time of incident.

4

18. Amtrak owed plaintiff a duty to not subject him to extraordinary dangers/dangerous conditions on its premises of which it had actual and/or constructive knowledge and/or which could foreseeable cause injury and harm, including but not limited to electrocution hazard, while plaintiff was upon its premises, and performing construction work and/or his required job duties.

19. Amtrak breached such duty.

20. Amtrak owed plaintiff a duty to maintain a reasonably safe work site and breached such duty.

21. Amtrak owed plaintiff a duty to administer safety procedures, and to coordinate and ensure job safety and breached such duty.

22. Amtrak owed plaintiff a duty to protect him from extreme dangers on its premises and at the work location, of which it aware or should have been aware, to prevent plaintiff from being assigned to work in a zone of extreme electrocution hazard, and to take reasonable measures to safeguard plaintiff from electrocution hazards from its catenary wires and/or electrical sources and any other foreseeable hazards, and breached such duties.

23. As a direct and proximate cause of the acts and/or omissions on the part of Amtrak, and of the breaches of duty described above, Amtrak caused plaintiff to suffer economic, physical, and emotional damages, including but not limited to pain and suffering, personal injury, emotional distress, permanent disability, and past and future loss of income.

24. The acts and omissions of Amtrak constituted gross negligence, and/or were willful, wanton and egregious in their nature.

**WHEREFORE**, plaintiff demands judgment, as to the First Count of this complaint, in an amount to be determined at trial but believed to be in excess of $5,000,000.00,

    A.  for compensatory damages,
    B.  punitive damages,
    C.  reasonable attorney fees,
    D.  together with costs and disbursements associated with bringing this action.

## SECOND COUNT

## DMJM HARRIS

25.  Plaintiff incorporates all preceding paragraphs as though set forth here in full.

26.  At all times relevant to his action, defendant DMJM Harris was a corporation doing business in the State of New York, having a business address of 605 Third Avenue New York, NY 10158.

27.  At all times relevant to his action, DMJM Harris acted as engineering consultants, site safety engineers, and/or contractors, and/or supervisors at the work location including the location of incident.

28.  By virtue of such, DMJM Harris assumed and owed plaintiff a duty to not subject him to extraordinary dangers known to it, while plaintiff was performing his required job duties, at the work location, and breached such duty.

29.  DMJM Harris knew, or should have known, with substantial certainty that its conduct of allowing plaintiff to work under the conditions described in the Factual Background above, subjected plaintiff to a likelihood of serious injury or death.

30.  DMJM Harris owed plaintiff a duty to maintain a reasonably safe work site and breached such duty.

31.  DMJM Harris owed plaintiff a duty to administer safety procedures and to coordinate and

6

ensure job safety, and breached such duty.

32. DMJM Harris owed plaintiff a duty to protect him from extreme dangers on the job site and at the work location, of which it was aware or should have been aware, and/or to prevent plaintiff from being assigned to work in a zone of known extreme electrocution hazard ie. the location of incident, and breached such duties.

33. As a direct and proximate cause of the acts and/or omissions on the part of DMJM Harris, and of the breaches of duty described above, DMJM Harris caused plaintiff to suffer economic, physical, and emotional damages, including but not limited to pain and suffering, personal injury, emotional distress, permanent disability, and past and future loss of income.

34. The acts and omissions of DMJM Harris constituted gross negligence, and/or were willful, wanton and egregious in their nature.


**WHEREFORE,** plaintiff demands judgment, as to the Second Count of this complaint, in an amount to be determined at trial but believed to be in excess of $5,000,000.00;

A.  for compensatory damages,
B.  punitive damages,
C.  reasonable attorney fees,
D.  interest,
E.  together with costs and disbursements associated with bringing this action.


### THIRD COUNT

### HI-TECH BREAKING INC.

35. Plaintiff incorporates all preceding paragraphs as though set forth here in full.

36. At all times relevant to his action, defendant Hi-Tech Breaking Inc. was a corporation

7

doing business in the State of New York, having a business address of 528 Bryant

Avenue, Bronx, NY 10474.

37. At all times relevant to his action, Hi-Tech Breaking Inc. was primary project consultant

and/or general contractor, and/or subcontractor, at the work location.

38. By virtue of such, Hi-Tech Breaking Inc. owed plaintiff a duty to protect him from

extreme dangers on the job site and at the work location of which it was aware or should

have been aware, and/or to prevent plaintiff from being assigned to work in a zone of

known extreme electrocution hazard ie. the location of incident, and breached such

duties.

39. Hi-Tech Breaking Inc. knew, or should have known, with substantial certainty that its

conduct of allowing plaintiff to work under the conditions described in the Factual

Background above, subjected plaintiff to a likelihood of serious injury or death.

40. Hi-Tech Breaking Inc. owed plaintiff a duty to maintain a reasonably safe work site and

breached such duty.

41. Hi-Tech Breaking Inc. owed plaintiff a duty to administer safety procedures and to

coordinate and ensure job safety and breached such duty.

42. Hi-Tech Breaking Inc. owed plaintiff a duty to protect him from known extreme dangers

on the job site and at the work location, and to prevent plaintiff from being assigned to

work in a zone of known extreme electrocution hazard ie. the location of incident, and

breached such duties.

43. As a direct and proximate cause of the acts and/or omissions on the part of Hi-Tech

Breaking Inc., and of the breaches of duty described above, Hi-Tech Breaking Inc.

caused plaintiff to suffer economic, physical, and emotional damages, including but not

8

limited to pain and suffering, personal injury, emotional distress, permanent disability,

and past and future loss of income.

44. The acts and omissions of Hi-Tech Breaking Inc. constituted gross negligence, and/or

were willful, wanton and egregious in their nature.


**WHEREFORE,** plaintiff demands judgment, as to the Third Count of this complaint, in an

amount to be determined at trial but believed to be in excess of $5,000,000.00,

A.  for compensatory damages,
B   punitive damages,
C.  reasonable attorney fees,
E.  interest,
F.  together with costs and disbursements associated with bringing this action.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury.


Dated: November 8, 2007

_____
Angelo R. Bisceglie, Jr. (AB9251)

Bisceglie & DeMarco, L.L.C.
365 Rifle Camp Road
West Paterson, N.J.  07424
(973) 742-8900
Fax – (973) 742-8394

Z:\share\Brea, Juan\complaint.doc

9

*B*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JUAN BREA,

                        Plaintiff,

NATIONAL RAILROAD PASSENGER
CORP., d/b/a AMTRAK, DMJM HARRIS,
HI-TECH BREAKING, INC., PROPERTY
OWNERS A-Z (said names being fictitious),
RAILROAD OWNERS AND OPERATORS
A-Z (said names being fictitious, PUBLIC
ENTITIES A-Z (said names being
fictitious), CORPORATIONS A-Z (said
names being fictitious).

                        Defendants.
-------------------------------------------------------------X

CIVIL ACTION NO.:
07-CV-10469(KMK)


ANSWER, AFFIRMATIVE
DEFENSES AND CROSS-
CLAIMS

        Defendants, DMJM+HARRIS, INC., i/s/h/a DMJM HARRIS, by its attorneys,

COLLERAN, O'HARA & MILLS L.L.P. answers the allegations contained in the Complaint as

follows:

### JURISDICTION AND VENUE

        1.        With respect to the allegations contained in Paragraph "1" of the complaint,

admits that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to the statutes cited,

but denies that Plaintiff's claim arises under federal law.

        2.        With respect to the allegations contained in Paragraph "2" of the complaint,

admits that Plaintiff seeks to invoke the jurisdiction of this Court pursuant to the statutes cited,

but denies that Plaintiff's claim arises under diversity jurisdiction.

        3.        With respect to the allegations contained in Paragraph "3" of the complaint,

admits that Plaintiff seeks to invoke the venue of this Court pursuant to the statutes cited.

1

## FACTUAL BACKGROUND

4.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "4" of the Complaint.

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "5" of the Complaint.

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "6" of the Complaint.

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "7" of the Complaint.

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "8" of the Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "9" of the Complaint.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "10" of the Complaint.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "11" of the Complaint.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "12" of the Complaint.

13.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "13" of the Complaint.

## FIRST COUNT

## AMTRAK

14.    Defendant hereby restates and incorporates by reference its answers and responses contained in Paragraphs "1" through "13" as if fully and completely restated herein.

15.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "15" of the Complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "16" of the Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "17" of the Complaint.

18.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "18" of the Complaint.

19.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "19" of the Complaint.

20.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "20" of the Complaint.

21.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "21" of the Complaint.

22.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "22" of the Complaint.

23.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "23" of the Complaint.

## SECOND COUNT

## DMJM+HARRIS

24.     Defendant hereby restates and incorporates by reference its answers and responses contained in Paragraphs "1" through "24" as if fully and completely restated herein.

25.     Admits that DMJM+HARRIS, INC. was a New York corporation with located at 605 Third Avenue, New York, New York.

26.     Denies the allegations contained in Paragraph "27" of the Complaint.

27.     Denies the allegations contained in Paragraph "27" of the Complaint.

28.     Denies the allegations contained in Paragraph "28" of the Complaint.

29.     Denies the allegations contained in Paragraph "29" of the Complaint.

30.     Denies the allegations contained in Paragraph "30" of the Complaint.

31.     Denies the allegations contained in Paragraph "31" of the Complaint.

32.     Denies the allegations contained in Paragraph "32" of the Complaint.

33.     Denies the allegations contained in Paragraph "33" of the Complaint.

34.     Denies the allegations contained in Paragraph "34" of the Complaint.

## THIRD COUNT

## HI-TECH BREAKING, INC.

35.     Defendant hereby restates and incorporates by reference its answers and responses by reference its answers and responses contained in Paragraph "1" through "34" as if fully and completely restated herein.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "36" of the Complaint.

4

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "37" of the Complaint.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "38" of the Complaint.

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "39" of the Complaint.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "40" of the Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "41" of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "42" of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "43" of the Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "44" of the Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

45.     The Complaint fails to state a cause of action as against the answering defendant upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

46.     This Court lacks subject matter jurisdiction of the claims alleged in the Complaint.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

47.    Any damage or damages sustained by the Plaintiff was not caused by any negligence or carelessness on the part of this answering defendant, its servants, agents or employees, but was caused solely by the negligence and carelessness of the Plaintiff and that such conduct requires diminution of any award, verdict, or judgment that the Plaintiff may recover against this answering defendant.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

48.    This answering defendant did not direct or control the means or methods utilized by the Plaintiff to perform the activity during which his claimed injury occurred and therefore any damages sustained by the Plaintiff were not caused by any negligence or carelessness on the part of this answering defendant.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

49.    The Plaintiff assumed the risk of all the dangers attendant upon the activity in which Plaintiff was engaged at the time of the alleged accident and is, therefore, barred from recovering on the claim asserted.    That all the damages and risks incident to the situation mentioned in the Complaint were open, obvious and apparent and were known and assumed by the Plaintiff.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

50.    The negligence of a third person or entity over whom the answering defendant had/has no control, was a superseding cause of his alleged injuries and insulates answering defendant from liability.

6

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

51.    In the event that it is determined that Plaintiff is entitled to damages, the amount of damages shall be reduced and diminished based on his own culpable conduct and/or failure to mitigate damages.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

52.    Any damage or damages sustained by the Plaintiff was not caused by any negligence or carelessness on the part of this answering defendant, its servants, agents or employees, but was caused solely by the Plaintiff's failure to use safety devices that were provided by the owner and/or his employer.

## CROSS-CLAIMS AGAINST ALL CO-DEFENDANTS
## AS AND FOR A FIRST CROSS-CLAIM

53.    Any damages sustained by the Plaintiff was caused in whole or in part by the acts or omissions or culpable conduct of the other defendants, who are or may be liable to the answering defendant for contribution on the basis of their equitable shares of responsibility, or for indemnity on the basis of a contract between them, actual or implied, and not due in whole or in part to any act or omission or culpable conduct on the part of this answering defendant.

## AS AND FOR A SECOND CROSS-CLAIM

54.    That if Plaintiff sustained the injuries and damages in the manner and at the time and place alleged, and if it is found that the answering defendant is liable to Plaintiff herein, all of which is specifically denied, then said answering defendant is entitled to indemnification from and judgment over against the co-defendants, for all or part of any verdict or judgment that Plaintiff may recover against said answering defendant.

7

## AS AND FOR A THIRD CROSS-CLAIM

55.    The answering defendant herein demands that the liability, if any, be apportioned and, therefore, the co-defendants will be liable to this answering defendant in the event judgment is recovered by the Plaintiff in an amount equal to the excess over and above this answering defendant's equitable share of the judgment.    The equitable share of the judgment of the answering defendant will be determined in accordance with the relative culpability of all the defendants minus the culpable share of the Plaintiff.

**WHEREFORE**, the answering defendant, DMJM+HARRIS, INC., respectfully requests that this Court grant Judgment dismissing the Complaint against it, and award DMJM+HARRIS, INC., the costs and disbursements of this action, and further demands that the ultimate rights of all the parties be determined in this action and that the answering defendant, DMJM+HARRIS, INC. have judgment over and against the above named co-defendants for all or part of any verdict against this answering defendant, together with costs and disbursements and attorneys' fees of this action and for such other and further relief as to the Court may deem seem just and proper.

Dated:  February 1, 2008

                                    COLLERAN, O'HARA & MILLS, L.L.P.

                                    By: _____
                                        JOHN STACKPOLE GROARKE (JG-9031)
                                        Attorney for Defendant,
                                        DMJM+HARRIS, INC.
                                        1225 Franklin Avenue, Suite 450
                                        Garden City, New York 11530
                                        (516) 248-5757

8

TO:    ANTHONY R. BISCEGLIE, JR., ESQ.
       BISCEGLIE & DEMARCO, L.L.C.
       Attorneys for Plaintiff
       365 Rifle Camp Road
       West Paterson, N.J. 07424
       (973) 742-8900
       Fax (973) 742-8394

       NATIONAL RAILROAD PASSENGER CORP.
       d/b/a AMTRAK
       60 Massachusetts Avenue
       Washington DC  20002

       HI-TECH BREAKING, INC.
       528 Bryant Avenue
       Bronx, New York 10474